## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**ROBERT H. DIXEY**          \*  **CIVIL ACTION NO.:  09-4443**
                            \*
                            \*  **JUDGE:   MARTIN L.C. FELDMAN**
**VERSUS**                   \*
                            \*  **MAG J:   JOSEPH  WILKINSON, JR.**
**ALLSTATE INSURANCE**       \*
**COMPANY**                  \*
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**MAY IT PLEASE THE COURT:**

Plaintiff is the owner of the insured premises located at 2435 Pressburg Street, New Orleans, Louisiana, and suffered damages to that home as a result of Hurricane Katrina.  Pursuant to Plaintiff's policy of insurance with Allstate, Plaintiff timely notified Allstate that he had a claim for damages as a result of hurricane Katrina.

Allstate, notwithstanding prompt notice of the claim by the Plaintiff, failed

to adequately compensate him pursuant to the proof of loss submitted, which failure prompted the filing of this lawsuit on July 21, 2009.

Allstate seeks a judgment on the pleadings by this Court, contending that the Plaintiff's claims were prescribed at the time this suit was filed.  For the reasons set forth herein, Allstate's contentions are erroneous representations of the current law on prescription in Louisiana and a judgment on the pleadings is not warranted.

## I.    The *Erie* Doctrine Dictates that this Court apply Louisiana Law

_____State Law applies in this matter, where the basis of this Court's jurisdiction is diversity.  Pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), "federal courts apply the statute of limitation that the forum state would apply."  (See also, *Guar. Trust Co. v. York,* 326 U.S. 99, 109-110, 65 S.Ct. 1464, 89 L.Ed. 2079(1945).)

What is more, Louisiana State Courts spanning several districts are already addressing the very issue which is presently before this Federal Court. Specifically, in the 25th Judicial District Court, in the matter of *Milton Wilkinson, et al v. Louisiana Citizens Property Insurance Corporation*, No. 55-042, the defendant raised an exception of prescription of the Plaintiff's property damage claims, which exception was overruled by the court on September 22, 2009. **(See**

Exhibit "A," Judgment on Exceptions dated 9/22/09.)[1]

Allstate, the defendant here, also filed a "Motion for Judgment on the Pleadings" in the 24th Judicial District Court in the matter of *Vanessa Reece, et al v. Allstate Insurance Co.,* No. 675-719.  That "Motion" is set on the Court's docket for November 5, 2009.[2]  Finally, undersigned counsel filed a Petition for Declaratory Judgment in Civil District Court for the Parish of Orleans on behalf of the plaintiff in the matter of *Geraldine Jones v. Allstate*, No. 09-10672 "C," seeking a declaration of the rights of the parties with regard to the same prescription issue which is before this Court.

Because this Court is bound by state law principles in making the decision before it, then it should follow the precedent recently set by the Court in the 25th Judicial District and deny the present motion.  Alternatively, the parties here may best be served by this Court deferring to the rulings of the State Courts mentioned herein (with regard to this defendant, Allstate), prior to issuing a ruling herein.  If

---

[1]  At the time of the Court's ruling in the *Wilkinson* matter, also pending in the 25th Judicial District were other Exceptions of No Cause of Action and Prescription in the matters of *Harold Melancon v. Louisiana Citizens Property Insurance Corporation*, No. 56-830, and *Donald Frelich, et al v. Louisiana Citizens Property Insurance Corporation*, No. 56-831.  In light of the *Wilkinson* ruling, those exceptions were continued without date and removed from the Court's docket.

[2]  The substance of the "Motion for Judgment on the Pleadings" reflects that the requested relief should have been sought by way of an exception of prescription.  The Louisiana Code of Civil Procedure does not provide for a "Motion for Judgment on the Pleadings."

electing to rule, despite the pendency of the state court actions, this Court must follow the most recent state law precedent.

## II.    *Pitts v. Louisiana Citizens* **Controls.**

Prescription on the Plaintiff's claim was interrupted pursuant to Louisiana Civil Code Article 3463, and as articulated in *Brenda Pitts v. Louisiana Citizens Property Insurance Corporation*, 08-1024 (La. App. 4 Cir. 1/7/09); 4 So. 3d 107; *writ denied* 09-0286 (La. 4/3/09); 2009 WL 1202909, 6 So3d 772. **(See Exhibit "B,"Pitts decision.)**

The Court in *Pitts* held that the filing of certain class actions lawsuits (*Buxton v. Louisiana Citizens Property Insurance Corporation* No. 06- 8341, "B" CDC, Orleans, and *Chalona v. Louisiana Citizens Property Insurance Corporation*, 08-0257 (La. App. 4 Cir. 6/11/08); 3 So. 3d 494) interrupted prescription as to Hurricane Katrina property damage claims against Louisiana Citizens Property Insurance.  In *Pitts*, the Plaintiff was a putative class member of the *Chalona* and *Buxton* class actions seeking adequate compensation from her homeowner's policy.   When the *Chalona* class was dismissed and the *Buxton* class was denied certification, the *Pitts* Plaintiff's interests were no longer represented in those putative classes.   She then filed an individual law suit in State Court seeking the same damages sought through the class actions.

4

The Plaintiff in *Pitts* filed her individual suit for property damages on February 20, 2008.  Louisiana Citizens filed an exception of prescription contending that the suit should have been filed by August 29, 2007.  That exception of prescription put before the court the very same issue upon which the defendant bases the present motion.  The trial court in *Pitts* granted the exception. The Fourth Circuit reversed however, determining that "the contractual prescriptive periods can be subject to interruption."  The Supreme Court denied Writs of Certiorari (2009-0286 (La. 4/3/09); 6 So. 3d 772) further affirming that the prescriptive period set forth by the legislature in Acts 739 and 802 is subject to interruption.

Applying the jurisprudence of *Pitts* to this case, prescription was "interrupted" in favor of the plaintiff here by the filing of the class action law suit, *The State of Louisiana v. AAA Insurance,* Docket No. 2007-8970 "H," (hereafter "A.G.'s suit").  The A.G.'s suit was filed in Civil District Court for the Parish of Orleans on August 23, 2007, prior to prescription having run on all claims for relief pursuant to damages sustained by hurricane Katrina.  The class definition in the A.G.'s suit is as follows:

> All current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program, and who have executed or will execute a subrogation

5

or assignment agreement in favor of the State and to whom insurance
proceeds are due and/or owed for damages sustained to any such
recipient's residence as a result of any natural or man-made
occurrence associated with Hurricanes Katrina and/or Rita under any
policy of insurance, as plead herein, and for which the State has been
or will be granted or be entitled to recover as repayment or
reimbursement of funds provided to any such recipient through the
Road Home Program.

**(CDC Petition, p. 21, Rec. Doc. 7729, E.D.La. 05-4128.)**

The Plaintiff was a potential member of the class as defined, since the
Plaintiff received a grant from Road Home and his rights were subrogated to the
State of Louisiana.[3]  Notably, Allstate was named as a defendant in the A.G.'s suit.
**(CDC Petition, Rec. Doc. 7729, E.D.La. 05-4128.)**

Soon after the A.G.'s suit was filed, it was removed to federal court and
consolidated with the matter of *In Re: Katrina Canal Breaches Consolidated
Litigation, 05-4182 "K" (2)*, with prescription on the plaintiff's claims being
"interrupted" by all other class actions consolidated in that litigation.  The
Plaintiff's rights were in turn protected by the class actions in the consolidated
cases.  Specifically, the "Insurance Master Consolidated Class Action Complaint,"
filed in the *In Re: Katrina Canal Breaches Consolidated Litigation* defines the
class as:

---

[3]The Plaintiff was assigned Road Home Number 06-HH124466, and received a grant
from Road Home on May 24, 2007.

6

> All persons who owned property within the State of Louisiana which property was damaged or destroyed by or as a proximate result of winds associated with Hurricane Katrina, and who at the time of the loss had in effect an All-Risk homeowner's insurance policy issued by one of the defendants.   ***(See Rec. Doc. No. 1, E.D. La . 05-4182)***

Allstate Insurance Company is a named Defendant in that suit as well, and is listed as such in Exhibit "A" to the Insurance Master Class Action Petition. ***(See Exhibit "A" to Rec. Doc. No. 3413, E.D.La. 05-4182)***   On June 16, 2009, all class allegations in the master consolidated class action of *In Re: Katrina Canal Breaches Consolidated Litigation* were stricken, and the class claims were dismissed. ***(See Rec. Doc. No. 19005, E.D. La. 05-4182.)***

Pursuant to the Fourth Circuit's ruling (and the Supreme Court's writ denial) in the *Pitts* case, prescription on the Plaintiff's claim here was "interrupted" when the A.G.'s suit was filed.  Ensuing from the consolidation, Plaintiff was a putative member of the class defined in the *In Re:  Katrina Canal Breaches Consolidated Litigation*.  Because the Plaintiff was a putative member of all class actions defined in the consolidated cases, then his rights were protected by the pendency of that consolidated litigation.  However, upon dismissal of the class allegations, the Plaintiff herein lost that protection.  This is precisely why prescription on the Plaintiff's claim was interrupted and did not begin to run again until after the class allegations were stricken on June 16, 2009.

7

Validating the reasoning articulated herein is Judge Duval's discussion of

the notice requirements in the June 16, 2009 Order.  Finding that notice to the

putative class members (of striking class allegations) was not required, Judge

Duval explained:

> Plaintiffs cite to recent case law reaffirming that any **prescriptive period** is interrupted by the filing of a class action, and recommences upon denial of class certification.  The concern of Plaintiff's counsel is entirely reasonable; the **prescriptive period** for individual's claims will cease tolling with this denial, and without clear notice, these individual claimants may lose their rights."[4]   (***Emphasis supplied.***)

With this statement, Judge Duval acknowledged that the class actions tolled the

prescriptive period for the Plaintiff herein.

Applying the statute of limitations of the State of Louisiana, this Court must

then look to La. C.C.P. art. 596, which provides that prescription on the claims

brought on behalf of a class action is suspended on the filing of the petition as to

all members of the class.  La. C.C.P. art. 596 provides in part:

> Liberative prescription on the claims... brought on behalf of a class is suspended on the filing of the petition as to all members of the class.... Prescription which has been suspended... begins to run again:
>
> . . .

---

[4]   Judge Duval went on to find that notice of the denial of class certification was not required to issue to putative class members.  While the Plaintiff respectfully disagrees with the finding that notice was not required, the Plaintiff adopted Judge Duval's approach in calculating prescription.  The calculation is thus conservatively drawn from the June 16, 2009 date.  ***(See Rec. Doc. No. 19005, E.D. La. 05-4182, p. 16.)***

(3)    As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed....

In discussing this article, the *Pitts* Court cited *Galjour v. Bank One Equity Investors-Bidco, Inc.*, 05-1360 (La. App. 4 Cir. 6/21/06); 935 So. 2d 716, where that Court stated, "Article 596 is a special provision that prevents prescription from accruing against the claims of members of a putative class action until the propriety of the class action or the member's participation in the action is determined." *Pitts, supra* at 109, citing *Galjour, supra* at 721, and *quoting* Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* §4.12 (1999).

When the A.G.'s suit was initially filed in State court on August 23, 2007, six (6) days remained before the claims were to prescribe; those six (6) days, pursuant to La. C.C.P. art. 596, are added to the statutory thirty (30) days, allowing an additional thirty-six (36) days within which the petitioner herein may file this individual claim for damages after the class allegations were dismissed on June 16, 2009.  Thirty-six (36) days from June 16, 2009 is July 22, 2009.  The Plaintiff's lawsuit was filed on July 21, 2009 and therefore was timely filed.

## II.    Acts 739 and 802 of 2006 Did Not create a Peremptive Period for filing Property Damage Claims.

9

The provisions of La. R.S. 22:658.3, (amended by Acts 739 and Act 802 of 2006) did not create a peremptive period for claims against insurers such as this one against Allstate because that statute states the prescriptive period may be extended if "a greater time period to file such claim is otherwise provided by law." La. R.S. 22:658.3 provides in pertinent part:

> A.   Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy..., and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, ***unless a greater time period to file such claim is otherwise provided by law or by contract.***
> ***(Emphasis supplied.)***

As noted, the specific language of the statue created by Acts 739 and 802 acknowledges that a greater time period to file such claim may be allowed by law or contract.  The greater period of time is created by the fundamental theory of prescription in Louisiana law and as confirmed by the  decision in *Pitts, supra.*

Additionally, recent jurisprudence supports the conclusion that Acts 739 and 802 did not create a peremptive period for claims against the defendant here. In *State v. All Prop. and Cas. Ins. Carriers*, 2006-2030 (La. 8/25/06); 937 So. 2d 313,327, the Louisiana Supreme Court determined that the extension of the "prescriptive" periods in Acts 739 and 802 were constitutional as a result of the

State's heavy regulation of the insurance industry.  It is significant to note that throughout the Supreme Court's opinion in *All Prop. and Cas. Ins.*, the Court consistently refers to the one year extension as a "prescriptive" period and not as a "peremptive" period.  If the legislature intended the extension to be peremptive, then it would have expressly made it peremptive.  Likewise, the  Supreme Court certainly would have addressed it as such in *All Proper and Cas. Ins.*  Neither the legislature nor the Supreme Court made any express limitation on the extension.

Finally, the *Pitts* Court referenced the Supreme Court's decision in *All Prop. and Cas. Ins*., and made no mention whatsoever that the Acts created a peremptive period. The opposite is true, as the *Pitts*  court spoke repeatedly to the statute as extending a "prescriptive" period. ***(See Exhibit "B," Pitts Decision.)***

The defendant contends that since the legislature extended the time for filing Katrina and Rita claims for an additional year, then all claims (whatsoever) should have been filed during that time.  This theory is flawed.  Consider the scenario had the time for filing remained the same (with no legislative extension) and a class action was filed (with the Plaintiff being a putative member) within the one year time period.  Without a doubt, the filing of a class action such as *In Re Katrina Canal Breach Litigation* would have interrupted that one year period for the Plaintiff's individual suit under these circumstances.  In other words, just

11

because the legislature extended the filing deadline for property damage cases,

such extension did not act to change the nature of the prescriptive period to one of

peremption.[5]

## III.   <u>Katz v. Allstate does not Apply</u>.

Defendant insists that this Court ignore the most recent pronouncement

from the Louisiana Supreme Court in *Pitts* and apply a previous decision of the

Fourth Circuit (prior to *Pitts*), *Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4th Cir.

2/2/05); 917 So. 2d 443.  Should this Court apply *Katz* over *Pitts*, then it would

disregard the most basic tenet of its juridical duty: application of the current and

controlling case law to the facts before it.

*Katz* does not apply in this Court's determination of the prescription issue

here for several reasons, the most obvious being that it was decided **<u>before</u>** *Pitts*.

Nevertheless, *Katz* is easily distinguished from the present case.  The Plaintiff in

*Katz* suffered damages to his home as a result of a hailstorm on January 23, 2000.

Being unsatisfied with the payments made under his policy, the *Katz* Plaintiff filed

suit on August 23, 2001.  An exception of prescription was granted in the insurer's

favor.  On appeal, the plaintiff raised multiple assignments of error including the

---

[5]  This Court is again reminded of Judge Duval's reference (in his Order of June 16, 2009) to the period within which to file property damage claims as a "prescriptive period."

argument that La. C.C.P. art 596 suspended the prescriptive period for his individual suit as a result of the timely filing of a class action lawsuit arising from the January 23, 2000 hailstorm.

The court in *Katz* determined that the contractual prescriptive period was not suspended because the "**plaintiff had filed his own lawsuit and was claiming a benefit of a class action in which he never intended to participate**." *Id at 447*.

In this case however, the Plaintiff was absolutely a putative member of the class action in the A.G's suit, and likewise a member of all other class actions to which the A.G.'s suit was consolidated in *In Re:  Katrina Canal Breach Consolidated Litigation*.  Unlike the plaintiff in *Katz*, the plaintiff here never attempted to avail himself of an individual lawsuit because he relied upon the protection from the class actions.  Yet, when the class allegations were dismissed on June 16, 2009 and his rights were no longer protected, he immediately filed this individual claim for property damages.  More importantly, *Pitts* specifically addresses *Katz*, does not apply it to the prescription issue before it, and is **the latest pronouncement** from the Louisiana Supreme Court as to interruption of prescription on property damage claims.

Still relying on *Katz* however, the defendant makes a vigorous argument that the prescriptive period at issue here is a liberative prescriptive period and is

13

not subject to suspension or interruption.  In this argument Defendant apparently

confuses liberative prescription with peremption.  To be clear, La. C.C. art. 3447

defines liberative prescription as "a mode of barring actions as a result of inaction

for a period of time."  Discussing the purpose of liberative prescription, Justice

Tate in *Giroir v. South Louisiana Medical Center, Div. Of Hospitals,* 475 So. 2d

1040, 1045 (La. 1985), stated:

> The fundamental purpose of prescription statutes is only to afford a
> defendant economic and psychological security if no claim is made
> timely, and to protect him from stale claims and from the loss of non-
> preservation of relevant proof.  They are designed to protect him
> against 'lack of notification' of a formal claim within the prescriptive
> period.

Conversely, a period of peremption by its definition cannot be interrupted.

(See La. C.C. art. 3458.)  Here, under the very terms of the legislature's enactment

of Acts 739 and 802, there is a specific provision for the tolling of prescription

("unless a greater time period to file such claim is otherwise provided by law or

contract").  Therefore, the statute cannot be peremptive.[6]

By the class action filings referenced herein, the defendant in this case was

on notice that every single insured homeowner who was a putative member of the

defined classes had a potential claim for damages.  The Plaintiff here was a

---

[6]     For a discussion of the distinction between peremption and prescription see
generally, *Borel v. Young*, 2007-0419 (La. 11/2/7/07); 989 So. 2d 42.

putative member of those class actions.  The defendant therefore has no complaint of "lack of notification."

**IV.** **The Louisiana Supreme Court Preserves Insured's Rights**

Very recently, in *Demma v. Automobile Club Inter-Insurance Exchange*, 2008-2810 (La. 6/26/09); 15 So. 3d 95, the Louisiana Supreme Court held that an unconditional tender of benefits under an uninsured motorist policy - to avoid penalties and attorneys fees - was an acknowledgment interrupting prescription. Moreover, the Court clarified that when prescription is interrupted by acknowledgment, "the time that has run is not counted, and prescription commences to run anew from the last day of interruption."  *Id at 98.*

While the holding in *Demma* does not appear to specifically apply to interrupt prescription in this case, what the holding demonstrates is a policy, or perhaps a trend, of the Louisiana Supreme Court to preserve insured's claims against defendant insurers.  Consistent with this policy is the Supreme Court's denial of writs in the *Pitts* case (thereby adhering to the ruling of the Fourth Circuit).

**VI.** **Conclusion**

The current jurisprudence interpreting statutory law is clear.  Prescription on the Plaintiff's claim was interrupted by the pendency of the class action lawsuits in

this Court.  When those class actions were dismissed, the Plaintiff filed his

individual lawsuit for property damages within the time allowed by law.  The

Plaintiff's claim was therefore timely filed and the present Motion for Judgment

on the Pleadings should be **DENIED.**

Respectfully submitted,

s/Jennifer B. Eagan
**GREGORY P. DI LEO, LSBA #4943**
**JENNIFER B. EAGAN, LSBA #19847**
Attorney for Plaintiff, Robert Dixey
300 Lafayette Street, Suite 101
New Orleans,  LA   70130
Telephone:   (504) 522-3456
Facsimile:    (504) 522-3888

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2009, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to counsel for all parties.

s/Jennifer B. Eagan
**JENNIFER B. EAGAN,  ESQ.**

pd-katrina2\dixey\memoinoppositiontomotionforjudgmentonpleadings