## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT H. DIXEY, II, | * | CIVIL ACTION NO.: 09-4443 |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| VERSUS | * | JUDGE: MARTIN L.C. FELDMAN |
| | * | |
| ALLSTATE INSURANCE COMPANY, | * | MAGISTRATE JUDGE: JOSEPH C. |
| | * | WILKINSON, JR. |
| Defendant. | * | |
| | | SECTION: F (2) |

* * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS UNDER THE POLICY'S CONTRACTUAL LIMITATION PERIOD

Plaintiff's Response is based almost solely upon *Pitts*,[1] an intermediate appellate court decision that is inconsistent with the Civil Code of Louisiana, and prior precedents of the Louisiana Supreme Court (and of that same intermediate appellate court), ignored the plain text of Article 596, which only applies to "liberative prescription" periods, and ignored the plain language of Act 802. While Act 802 granted Plaintiff a limited extension of 1 year, to August 30, 2007, to file suit, that Act also made crystal clear that any suit not filed by that August 30, 2007 date would be "forever barred." 2006 La. Act 802 § 2.

**I.     Plaintiff's Response Fails To Provide Any Support For This Court To Deviate From The Well-Settled Law Of Louisiana That Mandates That The One-Year Contractual Limitations Period Be Enforced As Written.**

Plaintiff is wrong to argue that this Federal Court is bound by state trial court or intermediate appellate court decisions, such as *Pitts*. As the Fifth Circuit has repeatedly made clear, the question facing federal courts when applying the *Erie* doctrine is what the state's

---

[1] *Pitts v. Louisiana Citizens Property Ins. Corp.*, 4 So. 3d 107 (La. App. 4 Cir. 2009), *writ denied*, 2009-0286 (La. April 3, 2009).

highest court would decide, and intermediate appellate court decisions need not be followed where, as here, they are clearly erroneous.[2]

For this same reason, Plaintiff's suggestion that this Court should rely on Louisiana state trial court rulings should be rejected. The decision of a state trial court does not impact on the *Erie* question facing this Court, and of course, federal courts routinely rule on state law decisions prior to and differently from state courts. Indeed, a perfect example is that the federal Fifth Circuit Court of Appeals addressed the question whether flood exclusions applied to the New Orleans levee breaches prior to the Louisiana Supreme Court addressing that same question. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) *rehearing denied* (5th Cir. Aug. 27, 2007), *cert. denied*, 128 S. Ct. 1231 (U. S. Feb. 19, 2008). The Louisiana Supreme Court then subsequently addressed that same issue and notably reversed the state Fourth Circuit Court of Appeals (which authored the *Pitts* decision) and followed instead the reasoning of the federal Fifth Circuit Court of Appeals. *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008).

Under Louisiana law, it is well-settled that insurance policy provisions, including contractual limitations periods, are the law of the parties and must be enforced as written.[3]  This law has been routinely recognized and applied by both the federal Fifth Circuit and the Louisiana Supreme Court. *See, e.g., Mahaffey v. General Sec. Inc. Co.*, 543 F.3d 738, 741 (5th Cir. 2008);

---

[2] *See, e.g., Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 270 (5th Cir. 2009) (noting that federal courts are not bound by intermediate appellate court decisions, particularly when convinced that the Louisiana Supreme Court would decide the issue differently) (citation omitted); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 n.17 (5th Cir. 2006) ("While decisions of intermediate state appellate courts provide guidance, they are not controlling").

[3] *Blanks v. Hibernia Ins. Co.*, 36 La. Ann. 599, 1884 WL 7870, at *3 (La. 1884) ("The validity and legality of stipulations in policies of insurance limiting the time within which actions for claims thereunder may be brought, have been affirmed by th[e Louisiana Supreme] Court and by

*Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).[4]   And this fundamental

principle has been recognized in the context of contractual limitations periods.[5]

II.   **Pitts Only Departed From The Reasoning Of *Katz* Based Upon A Misreading Of A Recent Louisiana Supreme Court Decision, Which Caused The *Pitts* Court To Erroneously Deviate From Well-Settled Louisiana Law.**

Plaintiff's lone authority for deviating from the above well-established principle of

Louisiana law is *Pitts*.   But as Allstate demonstrated in its opening memorandum, the *Pitts*

decision is inconsistent with two prior decisions of the Louisiana Fourth Circuit Court of

---

the Supreme Court of the United States") (citing *Edson v. Merchs.' Mutual Ins. Co.*, 35 La. Ann. 353, 1883 WL 8184 (La. 1883); *Riddlesbarger v. Hartford Ins. Co.*, 74 U.S. 386 (1868)).

[4] As Allstate demonstrated in its opening memorandum, Louisiana law is consistent with the law of other jurisdictions, where contractual limitations periods are not subject to legal tolling or suspension. *See, e.g., Jones v. UNUM Life Ins. Co.*, 2006 U.S. Dist. LEXIS 87384, at *6-7 (E.D. Ark. Nov. 29, 2006) (holding that pendency of class action did not suspend contractual limitations period in insurance policy because "while courts might have the power to toll statutes of limitations . . . they generally do not have power to alter contractual agreements"); *see also* Def.'s Mem. at 10-11 (collecting cases).

[5] *See Katz v. Allstate Ins. Co.*, 917 So. 2d 443 (La. App. 4 Cir. 2005) (refusing to apply Article 596 suspension to a contractual limitations period); *Junior Achievement of Greater New Orleans, Inc. v. Chubb Group of Ins. Cos.*, 2009 U.S. Dist. LEXIS 40813 at *5-6 (E.D. La. April 29, 2009) ("A contract for insurance constitutes the law between the two contracting parties. Courts have no authority to interpret or alter the terms of any contract, including an insurance policy, when the policy provisions within are unambiguous. In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid.") (citing *Midco Louisiana Co. v. Aquatic Equipment & Engineering, Inc.*, 423 So. 2d 10 (La. App. 1 Cir. 1982) (same)); *P. O. P. Constr. Co. v. State Farm Fire & Cas. Co.*, 328 So. 2d 105, 107 (La. 1976) (affirming judgment for defendant based upon the policy's limitations period); *Green v. Peoples Benev. Industrial Life Ins. Co. of Louisiana*, 5 So. 2d 916, 917 (La. App. 2 Cir. 1941) (stating that contractual limitation periods contained in homeowners policies like the one at issue here "emanate from the parties themselves and form and become an integral part of the contract and should not be ignored in determining the timeliness of actions by the insured or the beneficiary thereunder"); *Verhalen v. Forum Health Mgmt. of Ga., Inc.*, 771 So. 2d 238, 243 (La. App. 2 Cir. 2000) ("in the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract"); *Robicheaux v. Adly*, 779 So. 2d 1048, 1052 (La. App. 3 Cir. 2001) (same principle).

Appeals, *Katz* and *Lila*.[6]  *Pitts*, like Plaintiff, failed to even cite or try to come to grips with *Lila,* and only distinguished *Katz* based on the *Pitts* court's misreading of the Louisiana Supreme Court's decision in *State v. All Property. & Cas. Ins. Carriers Authorized & Licensed to Do Business in the State of Louisiana*, 937 So. 2d 313 (La. 2006).   Indeed, not only does *Pitts* misread *All Property*, it is in fact manifestly inconsistent with the reasoning of *All Property*, where the Louisiana Supreme Court made clear that Act 802 was <u>only</u> constitutional because of the limited extension of time to file suit granted in the Act, accompanied by a definite deadline. (Def.'s Mem. at 11-13.)

Plaintiff also argues that this Court should follow *Pitts* because it is the more recent case. But under Louisiana law and the Fourth Circuit Court of Appeals' own internal rules, the *earlier* decided case is controlling over a later decided case by the same appellate court, unless the earlier decision was expressly overruled en banc.[7]  Here, the *Pitts* panel itself did not purport to overrule *Katz*, and that case was certainly not reversed en banc. Accordingly, *Katz*, not *Pitts*, should be followed.

Plaintiff argues that the reasoning of *Pitts* is somehow supported by a recent decision by Judge Duval, *In re Katrina Canal Breaches Consol. Litig.*, Case No. 05-4182, Rec. Doc. No.19005 (E.D. La. June 16, 2009), attached hereto as Exhibit A.  But the question whether the contractual limitations period barred the claims was not at issue in that case, and Judge Duval

---

[6] *Katz*, 917 So. 2d 443; *Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So. 2d 139 (La. App. 4 Cir. 2008).

[7] *See State v. Bell*, 471 So. 2d 277, 280-81 (La. App. 4 Cir. 1985) (noting conflicting decisions by different panels from the Fourth Circuit Court of Appeals, and holding that "the first case from this court controls unless and until overruled by the court en banc."); *State v. Wright*, 483 So. 2d 1104, (La. App. 4 Cir. 1986) (refusing to follow a later decided decision from another panel of the Fourth Circuit because that panel had "violated this court's internal rule that prohibits handing down a decision that would be inconsistent with a prior decision, and requires

merely mentioned in dicta that the plaintiffs there had cited cases regarding the issue of tolling in urging Judge Duval to require the defendants to pay for notice to putative class members -- an argument that Judge Duval rejected based upon his conclusion that he lacked the authority to compel the defendants to pay for or issue such a notice.  (Exhibit A at 16.)  This dicta in no way supports the reasoning of *Pitts*.[8]

This Court should follow *Katz*, 917 So. 2d 443, a case in which the state Fourth Circuit correctly applied Louisiana law and held that putative class actions do not suspend, or interrupt a contractual limitation period.  Specifically, the court held that:

> [R]eliance on La. C.C.P. art. 596 is misplaced because the article makes no reference to limitations periods imposed as a matter of contract between a defendant and putative class member. . . .  ***[T]he filing of the class action did not alter the contractual prescriptive period*** that this court has heretofore held to be valid . . . .

*Id.* at 447 (emphasis added).

Plaintiff briefly attacks the *Katz* decision, but does so only on the basis that:  (1) it was decided before *Pitts*; and (2) the *Katz* plaintiff voluntarily initiated an individual lawsuit while the class action was still pending.  (Pl.'s Resp. at 12-15.)  As to the first point, as noted above, since *Katz* was never overruled en banc, it, rather than *Pitts*, is the law that should be followed.  In any event *Katz* is more predictive of how the Louisiana Supreme Court would rule on the issue.

---

that it first be referred to the court en banc to decide whether the panel may overrule or must follow the earlier decision").

[8] Plaintiff's Response also mischaracterizes the *Pitts* decision as the "**latest pronouncement from the Louisiana Supreme Court.**"  *Pitts* was decided by the Fourth Circuit intermediate appellate court of Louisiana; that decision was not substantively reviewed by the Louisiana Supreme Court, and the writ denial is obviously not precedential, just as it is not precedential that writ was ultimately denied in related proceedings to *Katz*.

As to the second point, Plaintiff is either misreading or intentionally mischaracterizing the *Katz* decision. The *Katz* court did not hold that Article 596 did not apply because the plaintiff had initiated an individual suit; rather, the court merely stated that was one of several arguments that Allstate had raised. *Katz*, 917 So. 2d at 447. It is that language, language characterizing what Allstate argued, not what the court was ruling, that Plaintiff's response quotes -- in bold text.

What the *Katz* court actually held, however, was that "[w]e conclude that the filing of the class action did not alter the contractual prescriptive period that this court has heretofore held to be valid and that this argument is without merit." *Katz*, 917 So. 2d at 447. Thus, the *Katz* court makes clear that its holding is not based upon any individual conduct of the plaintiff there, but instead is based upon a general principle of law that Article 596 is inapplicable to contractual limitations periods.

## III.    Act 802 Explicitly Bars Plaintiff's Claims.

Plaintiff's claims are also barred by Act 802's peremptive period, because Plaintiff failed to file this lawsuit before August 30, 2007. Plaintiff's Response attempts to avoid the peremptive effect of Act 802 by ignoring Act 802 entirely, and instead quoting *repeatedly* from Act 739, which does not apply to the time to file a lawsuit. Act 739 established an adjusted deadline of September 1, 2007 for insureds to file Hurricane Katrina claims *with their insurer*;[9] whereas Act 802 addresses the deadline for *filing a lawsuit against* an insurer.[10] As Act 802

---

[9] *See* La. R.S. 22:658.3(A) ("Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners insurance policy . . . resulting from Hurricane Katrina shall have through September 1, 2007, within which **to file a claim *with* their insurer** for damages, unless a greater time period to file such claim is otherwise provided by law or by contract") (emphasis added).

[10] *See* Act of June 30, 2006, No. 802, 2006 La. Sess. Law. Serv. 1918, 1919 (West). A copy of Act 802 is attached to Allstate's Opening Memorandum as Exhibit D.

states: "any such claim for damages caused by Hurricane Katrina shall be instituted on or before August 30, 2007 . . . any suit not instituted within that time and any claims relating thereto *shall be forever barred **unless a contract or the parties thereto** provide for a later date*." 2006 La. Act 802 (emphasis added).   Act 802's language could not be clearer: an insured must file suit by August 30, 2007 or their claim is "forever barred" unless the contract or the parties provide otherwise.  Plaintiff completely ignores this language in his response.  Under the clear and direct language of Act 802, "any claims" for Katrina-related damage that were not instituted "on or before" the deadlines are "forever barred."  *See* 2006 La. Act 802.[11]

Plaintiff also argues that the Louisiana Supreme Court's use of the phrase "prescription" in describing Act 802 is somehow controlling.  As Allstate noted in its opening memorandum, however, peremption is but a form of prescription, so the use of the more general phrase is meaningless.[12]  Thus, all peremptive periods are also prescriptive periods, and the *All Property* court's use of the general phrase prescription to describe Act 802 does not mean it is not peremptive, particularly when the core reasoning behind the decision was that Act 802 was only constitutional because it set forth a limited and definite deadline, which means, by definition, a peremptive period.

---

[11] The only exceptions to that absolute deadline are if the contract or the parties provide otherwise; there is no exception for suspensions or interruptions "provided by law" in the text of Act 802.  Under Louisiana law, Act 802 must be enforced as written.  "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made . . . ." La. Civ. Code art. 9; *see also* La. R.S. § 1:4 ("When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit").

[12] *See, e.g., Pounds v. Schori*, 377 So. 2d 1195, 1198 (La. 1979) (noting prior holding that "peremption is but a form or species of prescription possessing the differentiating characteristic that peremption does not admit of interruption or suspension") (citing *Flowers, Inc. v. Rausch, La.*, 364 So. 2d 928 (La. 1978)).

Finally, Plaintiff argues that Allstate's opening memorandum confused "liberative prescription" with "peremption." But Allstate's opening memorandum provided a detailed discussion of the differences between those limitations periods, including the fact that peremptive periods could not be suspended or interrupted. (Def.'s Mem. at 14-16.) While Plaintiff once again quotes from Act 739 rather than Act 802, it is apparent that Act 802 does not provide for interruption or suspension of the August 30, 2007 deadline; it instead allows for an entirely different deadline date to be set by "the contract or the parties." 2006 La. Act 802. So, for policies that have a one year contractual limitations period, such as is at issue here, any claim filed after August 30, 2007 is "forever barred" -- a peremptive act.

## IV.     Plaintiff's Reliance On *Demma* Is Misplaced.

Plaintiff's final attempt to avoid the clear language of his policy and well-settled Louisiana law that requires such contractual language to be enforced as written, is to cite to a completely inapposite case decided by the Louisiana Supreme Court dealing with uninsured motorist coverage, *Demma v. Automobile Club Inter-Insurance Exchange*, 2008-2810 (La. 6/26/09); 15 So. 3d 95. In *Demma*, the Louisiana Supreme Court held that an insurer's payment under uninsured motorist coverage constituted an acknowledgement of liability sufficient to interrupt prescription pursuant to LSA C.C. art. 3464.   15 So. 3d at 105. But *Demma* was addressing uninsured motorist coverage (itself a creature of statute), rather than a homeowners policy, and thus is wholly inapposite for this reason alone.[13]

Moreover, the *Demma* court was concerned with a prescriptive period

---

[13] *See Landry Architecture, LLC v. Valley Forge Ins. Co.*, Case No. 09-3974, Doc. #41 (E.D. La. Oct. 23, 2009) (Vance, J.) (attached hereto as Exhibit B) (holding that insurer's payment on February 11, 2009 did not interrupt or otherwise restart the prescriptive period).

established by statute, not by contract. *Id.* Thus, unlike LSA-R.S. 9:5629, an issue in *Demma* which creates a prescriptive period, LSA R.S. 22:629 merely establishes a minimum limit for any such contractual limitations time period by providing that "[n]o insurance contract . . . shall contain" a provision limiting the time to sue to less than twelve months. LSA R.S. 22:629. Further, *Demma* was addressing LSA C.C. art. 3464, which refers simply to "prescription," while Article 596 is expressly limited to "liberative prescription." Accordingly, even if a contractual period to file suit might be considered "prescription" (which, for the reasons discussed above, it is not), Article 596 expresses a clear intent to limit its effect to statutory periods of prescription.

## V.   Plaintiff's Response Fails To Address The Constitutional Issues Raised By Allstate's Motion.

Allstate's opening memorandum demonstrated that the application of any statutory suspension provisions would result in a violation of the Contracts Clauses of the United States and Louisiana's Constitutions. (Def.'s Op. Mem. at 17-19.) Plaintiff's Response fails to even address this constitutional issue. As the California Court of Appeals held in similar circumstances, the application of such a statutory suspension on top of legislative action like Act 802 would be inappropriate. *See Newell v. State Farm General Ins. Co.*, 13 Cal. Rptr. 3d 343, 351 (Cal. App. 2004) (refusing to allow class action to proceed because "[c]ertifying this case for class action would subvert the statute by permitting those State Farm and Farmers insureds who chose not to avail themselves of the limited revival period . . . to nevertheless pursue a claim against their carrier. ***Such a result would destroy the limited application of the statute***") (emphasis added).

9

## CONCLUSION

For all the foregoing reasons, and those contained in its opening memorandum, Defendant Allstate Insurance Company respectfully requests that the Court grant Allstate's Motion for Judgment on the Pleadings, and enter judgment in its favor and against Plaintiff, because Plaintiff's claim is time-barred.

Respectfully submitted,

LABORDE & NEUNER

*/s/ Frank X. Neuner, Jr.*
FRANK X. NEUNER, JR. - #07674
DANIEL J. POOLSON, JR. - #30676
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
P.O. Box 52828 (70505-2828)
Phone: (337) 237-7000
Fax: (337) 233-9450
Attorneys for Allstate Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2009, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Frank X. Neuner, Jr.*
COUNSEL