UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT H. DIXEY | * | CIVIL ACTION NO.:  09-4443 |
| | * | |
| | * | JUDGE:  MARTIN L.C. FELDMAN |
| VERSUS | * | |
| | * | MAG J:  JOSEPH WILKINSON, JR. |
| ALLSTATE INSURANCE | * | |
| COMPANY | * | |

*****************************************************************

<u>COURT -ORDERED BRIEFING ON  LA. C.C. ART. 3447,
LIBERATIVE PRESCRIPTION  AND CONTRACTS </u>

**MAY IT PLEASE THE COURT:**

    This Court requested supplemental briefing on the effect of La. C.C. art. 3447 on La. C.C.P. art. 596 and whether liberative prescription includes contractual prescription.  In addition, this Court also expressed concern with La. C.C. art. 3457 which provides that prescription is established only by legislation.  Voicing its concern, the Court specifically asked counsel to demonstrate where in the Civil Code it is stated that contractual prescription is a form of liberative prescription.

Appreciative of the opportunity to expound on an issue which Counsel may not have sufficiently addressed in oral argument, Counsel now resolves this Court's concerns with the following simple reasoning:

> An insurance policy is a contract (footnote 9, *infra*);
>
> A contract is a personal obligation (La. C.C.P. art 422);
>
> A personal obligation is subject to the liberative prescriptive period of ten (10) years (La. C.C.art. 3499);
>
> The legislature provides that insurers may contract for a prescriptive period less than ten years; (La.R.S. 22:629)
>
> The prescriptive period on contracts of insurance is provided for by statute. (La.R.S. 22:629).

Accordingly, the contractual prescriptive period at issue here was established by legislation, and not by contract. As such, and as is fully explained in this memorandum, the prescriptive period in Defendants' policy of insurance can be interrupted and/or suspended by the application of La. C.C.P. art. 596.

## I.  Contractual Obligations are Personal Actions Subject to the Liberative Prescriptive Period of Ten Years.

The Louisiana Legislature clearly established <u>only</u> three types of prescription.[1] It is within this framework that the Louisiana Legislature drafted

---

[1] Louisiana Civil Code Article 3445 provides for those three types of prescription as acquisitive, liberative and the prescription of nonuse.

Louisiana Code of Civil Procedure article 596, and it is within this framework that all Louisiana courts (including this Federal Court) must interpret La. C.C.P.art. 596. "Contractual" prescription, per se, does not exist under the Louisiana Civil Code and cannot be carved out of a non-existent hypothesis.

This Court's focus is on the application of La. C.C. art. 3447 to La. C.C.P. art. 596. To start, the Louisiana Civil Code defines "liberative" prescription as "a mode of barring of actions as a result of inaction for a period of time."[2] This is exactly what the limitations clause in an insurance policy is meant to do.

In dissecting this article, one must begin by defining "actions." A civil action is "a demand for the enforcement of a legal right."[3] Actions are classified as personal, real, or mixed.[4] A personal action is "one brought to enforce an obligation against the obligor."[5] This is exactly what Mr. Dixey seeks to do in filing this lawsuit. His claim therefore is a suit on a personal obligation based upon his contract of insurance with the Defendant, Allstate.

Next, one must look to the limitations periods assigned to each type of

---

[2]La. C.C. art. 3447.

[3]La. C.C.P. art. 421.

[4]La. C.C.P.art. 422.

[5]La. C.C.P. art. 422.

action. The Louisiana Civil Code assigns specific prescriptive periods to various actions and also contains a catch-all provision which declares that, unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.[6] Generally, delictual actions are subject to a one year prescription[7] and contractual actions are subject to a ten year prescription.[8]

The Louisiana Civil Code explains that "liberative" prescription, in fact, includes actions in contract. La. C.C. article 3499 specifically provides that **all** personal actions, unless otherwise provided by legislation, are subject to a ***liberative prescription*** of ten (10) years. (*Emphasis Supplied.*) Moreover, there is nothing in the Civil Code which excludes insurance contracts from the category of liberative prescription. The opposite is in fact true, as Louisiana[9] and Federal[10]

---

[6]La. C.C. arts. 3492-3502; 2 La. Civ. L. Treatise, § 249 (4th Ed.), Comment, Revision of the Civil Code Provisions on Liberative Prescription, 60 Tul.L.Rev. 379-405 (1985)

[7]La. C.C.arts 3492, 3493

[8]La.C.C. art. 3499.

[9] *Marcus v. Hanover Ins. Co., Inc.,* 1998-2040 (La. 6/4/99); 740 So. 2d 603, holding that "an insurance policy is a contract that constitutes the law between the parties." See Also, *Collinsworth v. Foster* 28,671 (La. App. 2 Cir. 9/25/96); 680 So. 2d 1275; *Roger v. Dufrene,* 613 So. 2d 947 (La. 1993), recognizing that "an action on a contract is governed by the ten year prescriptive period for personal actions."

*Grabert v. Iberia Parish School Board*, 638 So. Ed. 645 (La. 1994), recognizing that when "the entire action sounds in contract, the ten year period of article 3499... should apply."
*Lima v. Schimdt*, 595 So. 2d 624 (La. 1992), recognizing that "the action is in contract and subject to the ten-year prescriptive period provided by LSA-CC Art. 3499."
*Cherokee Restaurant, Inc. v. Pierson,* 428 So. 2d 995 (La. App. 1st Cir. 1983), recognizing that

courts, as well as legal commentators,[11] have consistently recognized that actions on contracts are normally regulated by the ten year prescriptive period.

## II. The Freedom To Contract is Subordinate to Prescription

The time limitation placed on contractual claims has always been recognized as a liberative prescriptive period. The concept of prescription is so fundamental that it forms a limitation on the freedom of parties to contract. La. C.C. art. 3471 states that "[a] juridical act purporting to exclude prescription, to specify a longer

---

"an action in contract and the ten year prescriptive period of La. C.C. art. 3544 [now 3499] would apply."
*Knighten v. Knighten*, 447 So. 2d 534 (La. App. 2nd Cir. 1984), *writ denied*, 448 So. 2d 1303 (La. 1984), recognizing that when the cause of action is in contract, a ten year prescriptive period would apply.
*Rayne State Bank v. National Union Fire Insurance Company*, 469 So. 2d 409 (La. App. 3 Cir. 1985), *writ granted*, 475 So.2d 346 (La. 1985), *reversed in part on other grounds*, 483 So. 2d 987 (La. 1986), recognizing that when an action is in contract, the ten year prescriptive period would apply.
*Elzy v. ABC Ins. Co.,* 472 So. 2d 205 (La. App. 4 Cir. 1985), *writ denied*, 475 So. 2d 361 (La. 1985), recognizing that a breach of contract claim is governed by the contractual prescriptive period of ten years.
*Gifford v. New England Reinsurance Corp.,* 488 So. 2d 736 (La. App. 2nd Cir. 1986), recognizing that when "the cause of action is in contract [it is] subject to the ten year prescriptive period provided by La. C.C. art. 3499.

[10] *Wheat v. White*, 38 F. Supp. 796 (E.D.La. 1941); *Stokes v. Georgia-Pacific Corp.,* 894 F. 2d 764 (5th Cir. 1990), recognizing that contractual claims are "subject to a liberative prescription of ten years."

[11] Saul Litvanoff, 6 Louisiana Civil Law Treatise § 16.5, recognizing that "[i]n general terms, an action based on contract is subject to a longer period of prescription than one based on tort. Thus, one article of the Louisiana Civil Code provides that a personal action - and one based on contract is such an action - is subject to a liberative prescription of ten years unless otherwise provided by legislation."

5

period than that established by law, or to make the requirements of prescription more onerous, is null."

Furthermore, La. C.C.art. 3457 states that "[t]here is no prescription other than that established by legislation." As this Court has emphasized, and what this article declares, is that parties are not free to contract insofar as prescription is concerned. Indeed, prescription is the sole province of the legislature, which has set forth a general ten year period for contracts.[12] Yet, insurance companies have established different prescriptive periods, and it was only by legislative action that such establishment was sanctioned. Insurance companies, or more appropriately the insurance contract, is not the source of the shorter prescriptive period. More precisely, absent some legislative measure, the contractual limitation contained in the insurance policy at issue here which established a one year prescriptive period would be null. The one year prescriptive period in Allstate's policy is only valid because it was established by the exact method provided for in our Civil Code: Legislation. In particular, La. R.S. 22:629[13] states:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of

---

[12]La. C.C. art. 3499.

[13]La. R.S. 2:629 was recently re-designated as La. R.S. 22:868.

this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement:

. . .

(3) Limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.[14]

Without this statutory enactment, the general principles of prescription would otherwise render the one year prescriptive period contained in Allstate's policy at issue here null and void, as a one year period would certainly be more onerous than a ten year period. Nevertheless, by the stroke of the pen, the Legislature allowed that *liberative* period of ten years to be reduced to a *liberative* period of one year.

Further advancing this dissection of the law on liberative prescription is the explanation by the Court in *State v. All Property Casualty Insurance Carriers*:[15]

Under the former law prior to the enactment of [Acts 739 and 802], the rights of citizens to file insurance claims for damage caused by the hurricanes would expire on the one year anniversaries of the storms.

. . .

At the time the insurance policies were issued, ***former R.S. 22:629 provided that*** claimants had at least one year in which to bring damage claims under the policy.

---

[14] La. R.S. 22:868, as amended by Acts 2007, No. 43 § 1, in subsection B, substituted "twenty-four" for "twelve" preceding "months."

[15] 2006-2030 (La. 8/25/06); 937 So. 2d 313.

. . .

> In fact ***the minimum prescriptive period was already set by statute*** in the former R.S. 22:629.  Thus a change in the prescriptive period was a legal possibility.
>
> (*All Property* at 321-325, *Emphasis Supplied.*)

Inasmuch as the Supreme Court recognized that the prescriptive period incorporated in contracts of insurance was established by legislation, and hence not by contract, the prevarication of "contractual prescription" is simply not recognized under Louisiana law.  Of course, what the Supreme Court in *All Property* held was that a legislative change in the statutory period of one year did not violate state or federal contract clauses.  The Supreme Court did not hold that the extension of the statutory prescriptive period created a limitations period unto itself.  In other words, that prescriptive period remains subject to the laws regarding suspension, interruption or renunciation.

### III. <u>Without Legislation, the Judiciary Branch Cannot Repudiate Rights of Insureds.</u>

Insureds are not typical parties to a contract, and arguably are entitled to greater protections.  Unlike many other contracts, insurance contracts are adhesion contracts and are not negotiated at arms length.  Yet *Katz*[16] impliedly imposes a more onerous burden on insureds. The position put forth by the *Katz* Court is

---

[16]*Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4th Cir. 2/2/05); 917 So. 2d 443.

8

contrary to longstanding Louisiana jurisprudence which allows insurers to limit coverage in any manner they desire provided such limitations are not in conflict with statutes or public policy.[17]  Under *Katz* however, the rights of insureds to participate in class action lawsuits is now called into question.  Moreover, if the reasoning of *Katz* is to apply here, then insureds would be **discouraged** from participating in class action lawsuits.

First, nowhere in Allstate's policy does it contractually eliminate a class action from constituting an "action" as per the policy's own language.  Hence, if a class action is considered an "action" under Allstate's policy, then **all** of the law written by the Legislature is applicable to such an action, including the suspension of prescription as proscribed by La. C.C.P. art. 596.  The rights that flow from the application of this article simply cannot be taken away by the judiciary.

Secondly, Louisiana courts have refused to strictly apply the one-year limitations clause in an insurance policy.  Louisiana courts routinely hold that prescription may be suspended or interrupted under other legal theories which are not specifically stated in the insurance policy, but which are founded in Louisiana law. [18]  Additionally, a "tacit acknowledgment" of a claim by acts of reparation or

---

[17] *Benton Casing Serv., Inc. v. Avemco Ins. Co.,* 379 So. 2d 225, 227 (La. 1979).

[18] Very recently, in *Demma v. Automobile Club Inter-Insurance Exchange*, 2008-2810 (La. 6/26/09); 15 So. 3d 95, the Louisiana Supreme Court held that an unconditional tender of benefits under

9

indemnity may suspend or interrupt prescription.[19]  Finally, Louisiana courts continue to hold that prescription may be suspended or interrupted under the doctrine of *contra non valentem agere nulla currit praescriptio*.[20]  Accordingly, if literally read, the *Katz* holding is adverse to all Louisiana jurisprudence that liberally construes prescriptive statutes in favor of the obligation sought to be extinguished and all Louisiana jurisprudence which liberally construes insurance policies in favor of the insureds.

*Katz*, on the other hand, severely limits an insured's right to participate in a class action, lest his individual cause of action be lost.  Under the scheme of class action litigation, potential plaintiffs are <u>automatically</u> included in a class if they fall

---

an uninsured motorist policy - to avoid penalties and attorneys fees - was an acknowledgment interrupting prescription.  Moreover, the Court clarified that when prescription is interrupted by acknowledgment, "the time that has run is not counted, and prescription commences to run anew from the last day of interruption." *Id at 98. See also, Stephens v. Audubon Ins. Co.,* 27,658 (La. App. 2d Cir. 12/06/95), 665 So. 2d 683, 685, *writ denied* 96-0066 (La. 04/08/96); 671 So. 2d 332 (Looking to Louisiana jurisprudence to determine whether an insurer's conduct can constitute an unintended waiver of its rights to claim the benefit of a one-year limitation period for bringing a suit).

[19]*Lima v. Schmidt, supra*; *Robideau v. Johnson,* 30422-CW (La. App. 2nd Cir. 08/28/97); 702 So. 2d 313, *reh'g denied*, (La. 09/23/97); *Greeson v. Acceptance Ins. Co.,* 32,159-CA (La. App. 2nd Cir. 08/18/99); 738 So. 2d 1201; La.R.S. 22:691; *see also Suire v. Combined Ins.Co. Of America*, 290 So. 2d 271 (La. 1974) (finding that the beneficiary's lack of knowledge of the insurance policy suspended prescription).

[20]Under this doctrine, prescription does not run against a person unable to bring an action. *Corsey v. State Dept. Of Corrections*, 375 So.2d 1319, 1321 (La. 1979).  Additionally, Louisiana jurisprudence has recognized this ancient civilian doctrine which is based in equity and fairness, to prevent the running of liberative prescription in certain cases. (See Revision Comments - 1982, Editor's note to La. C.C. art. 3467.)

within the class definition. This is true unless and until class certification is granted or denied.[21] After a decision is made as to class certification, potential plaintiffs are then given notice and the choice as to whether they would like to proceed or opt-out of the class.[22]

The right to opt-out of a class action or proceed with an individual suit, should certification be denied, is fundamentally tied to the right to participate in a class action. If a claimant is not afforded any protections by being a putative class member, such as the suspension of prescription set forth in La. C.C.P. art. 596, then the purpose of the class action vehicle is frustrated. That purpose was clarified by the Louisiana Legislature in 1997, when it enacted a comprehensive revision of the class action procedure.[23] Under the 1997 legislation, a special provision (La. C.C.P. art. 596) prevents prescription from accruing against the claims of members of a putative class action until the propriety of the class action or the members' participation in the action is determined.[24]

The obvious results in strictly applying the *Katz* holding to the facts here is

---

[21]See Frank Mariaist and Honorable Harry Lemmon, 1 La. Civ. L. Treatise, Civil Procedure § 4.12, *Parties; Class Actions.*

[22] *Ibid,* 1 La. Civ. L. Treatise § 4.12.

[23]*Ibid,* 1 La.Civ.L. Treatise §4.12, p.2.

[24]*Ibid*, 1 La.Civ.L. Treatise §4.12, p.7.

11

that putative class members would be best advised to file individual lawsuits, rather than participate in a class action since the viability of their individual claim may heretofore be at risk.  Conversely, class action procedure is designed in such a way that a judgment in certain class actions binds all members who "have not requested exclusion."  La.C.C.P.art. 591C.  It is thus the preferred vehicle when large numbers of aggrieved claimants may be remedied in one singular action.  At its core, the class action seeks to promote judicial efficiency.  *Katz* effectively destroys this goal.

More simply put, *Katz* takes away the protection of La. C.C.P.art. 596 for class actions involving personal actions.  This is not the intent of the 1997 class action legislation which was enacted to preserve rights, not to abrogate them.

### III.  *Pitts* Continues to Reign as Controlling Louisiana Law

In the wake of *Pitts, supra*, and in the context of new Hurricane Katrina filings, Louisiana courts have continued to follow the reasoning espoused in *Pitts,* rather than to adopt the reasoning of *Katz*.  Subsequent to the previous briefing ordered by this Court in advance of oral argument on December 6, 2009, the Louisiana Fourth Circuit once again applied *Pitts* in deciding whether claims against a homeowner's insurer were prescribed.  In particular, in the matter of *Taranto v. Louisiana Citizens Property Insurance Corporation*, 2009 WL

4842780, 2009-0413 (La. App. 4 Cir. 12/16/09); ___ So. 3d ___[25] (*Attachment "A."*), the Louisiana Fourth Circuit found that the Trial Court erred when it granted an exception of prescription and reversed that finding. The *Taranto Court*, (composed of a panel different from that in *Pitts*, including Judges James F. McKay, Terri F. Love, and Roland L. Belsome) specifically applied La. C.C.P. art. 596 to the prescriptive period, holding that:

> This Court held in *Pitts* that the filing of a class action interrupted prescription as to putative class members... in their representative capacities.... This case is not distinguishable from *Pitts*. The Plaintiffs would have been putative members of *Chalona* unless they actively opted out. The petitions that defined the proposed classes in *Buxton and Chalona* were timely filed on August 25, 2006.... The filing of a class action interrupts prescription for all putative members. Therefore, we find that the trial court erred in granting LCPIC's exception of prescription and reverse for further proceedings.
> **Taranto, at p.4.**

Likewise, the facts of the case before this Court are not distinguishable from *Pitts,* or *Taranto*. As was fully briefed in previous memoranda to this Court, the Plaintiff here was a putative member of the *In Re Katrina Canal Breaches Litigation,* and the *A.G's Suit*. Those petitions were timely filed on September 19, 2005 and August 23, 2007, respectively. The filing of the class actions upon which the Plaintiff here relies interrupted (or more properly "suspended") prescription for

---

[25]This opinion has not yet been released for publication in the permanent law reports.

all putative members, including the Plaintiff in this action.  Therefore, by correct application of the current Louisiana law, the defendant's Motion for Judgment on the Pleadings must be denied.

## V.  Conclusion

This Court is well aware that State Law applies in this matter since the basis of jurisdiction is diversity.  Pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), "federal courts apply the statute of limitation that the forum state would apply."  (See also, *Guar. Trust Co. v. York,* 326 U.S. 99, 109-110, 65 S.Ct. 1464, 89 L.Ed. 2079(1945).)   This Court is therefore bound to follow the recent decisions of Louisiana State Courts spanning several districts.  Each and every State Court which has addressed the prescription issue which is before this Court at present rejected the arguments espoused by the myriad insurers seeking the same relief.

As shown through the codal and statutory provisions of La. C.C.P. art. 422, La. C.C. art. 3447, La C.C. art. 3499, and La. R.S. 22:629, liberative prescription includes "contractual" prescription.  Two important points which demonstrate that a period for which a party contracts as a limitations period remains, by definition, a liberative prescriptive period are (1) the prescription of contractual obligations is subject to the liberative prescriptive period of ten (10) years; and (2) the

prescriptive period of one year - at issue here - was established by legislation in La. R.S. 22:629. That being the case, the only distinction between prescriptive periods established by legislation and prescriptive periods established by contract, i.e. the contractual limitations referenced by the defendant here, is that the former is recognized under the law whereas the latter is not. Accordingly, La. C.C.P. art. 596 applies to the facts of this case to suspend the running of prescription on the instant claims, and the Defendant's Motion for Judgment on the Pleadings must be denied.

                                              Respectfully submitted,

                                              s/Jennifer B. Eagan
                                              GREGORY P. DI LEO, LSBA #4943
                                              JENNIFER B. EAGAN, LSBA #19847
                                              Attorney for Plaintiff, Robert Dixey
                                              300 Lafayette Street, Suite 101
                                              New Orleans, LA 70130
                                              Telephone:   (504) 522-3456
                                              Facsimile:   (504) 522-3888

### CERTIFICATE OF SERVICE

    I hereby certify that on December 5, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

                                              s/Jennifer B. Eagan
                                              **JENNIFER B. EAGAN, ESQ.**

pd-katrina2\dixey\supplementalmemoonliberative prescription