UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT H. DIXEY, II | CIVIL ACTION |
| VERSUS | NO. 09-4443 |
| ALLSTATE INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's Rule 12(c) motion for judgment on the pleadings under its insurance policy's contractual limitation period. For the following reasons, the motion is GRANTED. At issue is whether the filing of a short-lived class action can, under Louisiana law, interrupt a contractual limitations period. The issue is a novel one.

## Background

This is a Katrina insurance claim case. Robert H. Dixey, II, the plaintiff, is the owner of property at 5601 Canal Boulevard in New Orleans. Mr. Dixey insured his property with Allstate. On August 29, 2005, Hurricane Katrina damaged the property, and Mr. Dixey notified Allstate of his claim for damages. Allstate answered with a check for $1,205.39 on November 7, 2005, for wind damage. Plaintiff claims that Allstate never conducted an inspection of the interior of his home and that loss adjustment of his claim has been inadequate. He also raises bad faith claims against Allstate.

On August 23, 2007 the <u>Louisiana v. AAA Insurance</u> class action was filed in state court. The putative class in the <u>AAA Insurance</u> suit was defined as:

> All current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program, and who have executed or will execute a subrogation or assignment agreement in favor of the State, and to whom insurance proceeds are due and/or owed for damages sustained to any such recipient's residence as a result of any natural or man-made occurrence associated with Hurricanes Katrina and/or Rita under any policy of insurance, as plead herein, and for which the State has been or will be granted or be entitled to recover as repayment or reimbursement of funds provided to any such recipient through the Road Home Program.

After being removed to federal court and consolidated with <u>In Re: Katrina Canal Breaches Consolidated Litigation</u>, all class allegations were stricken on June 16, 2009. Mr. Dixey asserts that he was a potential member of the <u>AAA Insurance</u> class because he had received a grant from Road Home and had executed a subrogation agreement in favor of the State.

Dixey filed this lawsuit on July 20, 2009.

Allstate submits that Dixey's claim is barred because he failed to file his lawsuit before the policy's contractual limitations period or within the extended time period provided by the Louisiana Legislature. The policy requires that any lawsuits must be filed within one year after the date of loss; Allstate admits that the Louisiana Legislature in Acts 739 and 802 extended contractual limitations periods such that any claim for damages

2

caused by Hurricane Katrina could be instituted until August 30, 2007.[1] Allstate presses that the contractual limitations period could not have been interrupted or suspended by the filing of a class action. Allstate contends that Louisiana Code of Civil Procedure Article 596 applies only to statutory periods of liberative prescription, not to contractual limitations periods. Allstate also submits that contractual limitations periods are peremptive and therefore not susceptible to suspension or interruption. Finally, Allstate urges that applying Article 596 to suspend the contractual limitations period would be unconstitutional under the Contracts Clauses of the United States and Louisiana Constitutions as an indefinite extension of a contractual limitations period.

Mr. Dixey responds that his action is not barred because under Article 596 and recent Louisiana court decisions, a contractual limitations period can be suspended or interrupted by the filing of a class action. Mr. Dixey adds that Louisiana Acts 739 and 802 did not create a peremptive period for filing property damage claims.

## **Law and Analysis**

I.

The standard for deciding a motion under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for

---

[1] Act 739 extends the time for filing Hurricane Katrina related claims through September 1, 2007.

deciding a motion under Rule 12(b)(6). <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 313 n.8 (5th Cir. 2002). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." <u>Id.</u> at 312 (quoting <u>Herbert Abstract Co. v. Touchstone Props. Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990)).

In considering a Rule 12(b)(6), or a Rule 12(c), motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" <u>See</u> <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464 (5th Cir. 2004) (quoting <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 569). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (quotation marks, citations, and footnote omitted).

With some exceptions, the Court's review on a motion to dismiss is limited to the complaint and any attachments. <u>See</u> <u>Financial Acquisition Partners LP v. Blackwell</u>, 440 F.3d 278, 286

4

(5th Cir. 2006) (citations omitted). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Because the homeowners policy is referred to in the plaintiff's complaint and is central to his recovery, the Court will consider the insurance policy as part of the pleadings.

II.

A.

The Court applies Louisiana law to the determination of whether the contractual limitations period bars the plaintiff's claim in this case. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). Louisiana recognizes that an insurance contract constitutes the law between the parties; thus, absent a conflict with a statute or public policy, the provisions of the contract may limit the insurer's liability. See Verhalen v. Forum Health Mgmt. of Ga., Inc., 771 So. 2d 238, 243 (La. App. 2 Cir. 2000). Indeed, Louisiana has long upheld the right of parties to a contract to stipulate a different time-barring period from that provided by state statute. See Leiter Minerals, Inc. v. Cal. Co., 132 So. 2d 845, 853 (La. 1961); see also Blanks v. Hibernia Ins. Co., 36 La. Ann. 599

(1884).[2]

"The burden of proof on a prescription issue lies with the parties asserting it." Lila v. Underwriters at Lloyd's London, 994 So. 2d 139, 142 (La. App. 4 Cir. 2008). However, when an action is prescribed on its face, the burden shifts to the plaintiff. Id.

Allstate's policy provides that "Any suit or action must be brought within one year after the inception of loss or damage." The damage to Mr. Dixey's home occurred on August 29, 2005. As both sides agree, after the storms the Louisiana Legislature created a statutory exception to the running of prescriptive periods in Act 802, which prevents "the running of prescription for one year" on claims for damage caused by Hurricanes Katrina or Rita. Thus, reconciling the policy with Act 802, Mr. Dixey's claim must have been brought by August 29, 2007. Dixey filed his complaint almost two years later, on July 20, 2009. Because Mr. Dixey's claim is time-barred on its face, he has the burden of persuading that the time for filing was suspended or interrupted. That triggers the reach, if any, of Article 596 which deals with class actions and "liberative prescription" and exceeds in scope the legislate acts.

Dixey argues that the filing of the AAA Insurance class action served to interrupt prescription on his claim. Article 596 of the Louisiana Code of Civil Procedure specially provides that:

---

[2] Leiter Minerals even infers a difference between "prescription or limitation" periods. See 132 So. 2d at 853.

6

> Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
>
> . . .
>
> As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed or that demand for class relief has been stricken . . . .

The central issue for this Court is whether Article 596 encompasses the suspension of a contractual limitations, rather than a statutory liberative prescriptive period.[3]

### B.

Louisiana case law on this issue is contradictory. In <u>Pitts v. Louisiana Citizens Property Insurance Corp.</u>, the Louisiana Court of Appeal for the Fourth Circuit considered a case similar to the present one. The insurance policy in <u>Pitts</u> required suits be filed within one year of damage, but, because of legislative extensions, the plaintiff had until August 30, 2007 to file her claim. 4 So. 3d 107, 109 (La. App. 4 Cir.), <u>writ denied</u>, 6 So. 3d 772 (La. 2009). She did not file her claim until February, 20, 2008, but she argued that prescription was suspended by the filing of a class action in which she was a putative class member. <u>Id.</u> Putative plaintiffs such

---

[3] At this point, it seems essential to underscore that Article 596 speaks only to "liberative prescription," rather than all silent conduct that releases an obligation. See La. Civ. Code Art. 3459.

as the Pitts plaintiff had been restricted from the class on January 25, 2008, and the trial court had ordered notice provided to putative plaintiffs on April 24, 2008. Id. at 108. The court of appeals held that prescription was interrupted by the filing of the class action as to putative class members and that because the plaintiff had filed her action before receiving notice of the new certification definition that excluded her, her claim had not prescribed. Id. at 110. The court casually observed that the Louisiana Supreme Court has held that "contractual prescriptive periods can be subject to interruption." Id. (citing State v. All Prop. & Cas. Ins. Carriers Licensed to Do Bus. in the State of La., 937 So. 2d 313, 327 (La. 2006)). Nonetheless, the court of appeals avoided ruling whether Article 596 suspended the contractual limitations period, stating quite pointedly that "[i]n the case *sub judice* . . . the interruption of a contractual prescriptive period is irrelevant because [the plaintiff's] interests were represented as a putative class member in [the class actions], which were filed within one year from the date of damage." Id.[4] Earlier cases in the same court run counter to Pitts.

In Katz v. Allstate Insurance Co., the Louisiana Court of Appeal for the Fourth Circuit had previously considered whether a

---

[4]The state high court decision did not consider the impact of Article 596 in the constitutional context, only the post-Katrina acts of the Legislature. Thus, the All Prop. decision is of problematical guidance.

8

class action arising out of a hail storm suspended prescription on a putative class member's individual claim, and reached a different result than Pitts. 917 So. 2d 443, 447 (La. App. 4 Cir. 2005). Considering the insurer's argument that the plaintiff had never intended to participate in the class action and that Article 596 could not serve to suspend a contractual limitations period, the court concluded that "the filing of the class action did not alter the contractual prescriptive period that this court has heretofore held to be valid." Id. The court of appeals in Katz made it clear that the insured's "reliance on [Article 596 was] misplaced because the article makes no reference to limitations periods imposed as a matter of contract." Id.[5] Similarly, in Lila, Inc. v. Underwriters at Lloyd's London, the very same court of appeals stated that "[t]he two-year time limitation contained in the Lloyd's policy is not a prescriptive period subject to interruption or suspension, but rather, is merely a contractual pledge or agreement by the insurance company not to plead prescription if the insured institutes legal action within the two-year time frame." 994 So. 2d 139, 147 (La. App. 4 Cir. 2008). Allstate points out that decisions like Katz and Lila are consistent with the holdings by courts in other states. See Hembree ex rel. Hembree v. Provident Life & Accident Ins. Co., 127 F. Supp. 2d 1265, 1271 (N.D. Ga.

---

[5]The court in Pitts had distinguished the Katz holding by invoking the Louisiana Supreme Court's holding in All Prop.

9

2000) ("[E]quitable tolling provisions, which stem from state law, are not applicable when a contractual limitation is enforced."); Allen v. Unionmutual Stock Life Ins. Co., 989 F. Supp. 961, 966 (S.D. Ohio 1997) ("[T]his Court has followed the contractual limitations period and will borrow neither the state statute of limitations nor its concomitant tolling provisions."); Chilcote v. Blue Cross & Blue Shield United of Wis., 841 F. Supp. 877, 881 (E.D. Wis. 1993) ("[T]he Court has not borrowed a state statute of limitations in this case, so Wisconsin's tolling provisions will not be borrowed either."). But those decisions dealt with ERISA claims and arguments that the limitations period should be interrupted or suspended for mental incompetence, pursuant the discovery rule, or because exhaustion of remedies requirements. They provide limited guidance here. More on point, however, is Jones v. UNUM Life Insurance, where a federal district court in Arkansas considered whether the contractual limitations period in the plaintiff's insurance policy had been suspended by the filing of a class action. No. 06-547, 2006 WL 3462130, at *2 (E.D. Ark. Nov. 29, 2006). The court determined that "while courts might have power to toll statutes of limitations . . . they generally do not have power to alter contractual agreements." Id. While the Jones court ultimately determined that the plaintiff had not been a putative member of the class, the clarity of this dicta nonetheless suggests a steadfast principle.

10

The plaintiff insists that Katz and Lila were overruled by Pitts. He points to seven Louisiana trial court decisions that rejected the defendant insurer's exceptions of prescription. One includes oral reasons, one includes written reasons, and the other five do not give reasons for judgment. Both decisions that express reasons reject the application of Katz. In Bullton v. State Farm Fire & Casualty Co., the trial judge admitted the inconsistency of her ruling, but urged the court of appeals to revisit Katz. No. 03-16602, at 4 (La. Civ. Dist. Ct. Orleans Parish July 14, 2006) . In Bastoe v. Allstate Insurance Co., the trial judge determined that Katz was inapplicable because a statute prohibited an insurance contract from setting a time to file suit less than 24 months and because the contract at issue set a period of less than 24 months, it was either void or should be extended. (La. 34th Jud. Dist. Ct. St. Bernard Parish Apr. 28, 2008). The defendant admits that in Reece v. Allstate Insurance. Co. Allstate made the same arguments it does here, but the trial judge rejected the exception of prescription. These state trial court rulings are simply of no precedential force here.

C.

As Allstate points out, this Court must make a reasoned guess as to how the Louisiana Supreme Court would resolve the issue of suspension of a contractual limitations period due to the filing of a class action and within the context of Article 596, which that

court has not yet addressed. Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009). As the Fifth Circuit recently explained:

> When faced with unsettled questions of Louisiana law, we adhere to Louisiana's civilian decision-making process, by first examining primary sources of law: the constitution, codes, and statutes. . . . [A]lthough this Court will not disregard Louisiana intermediate-appellate-court decisions unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

Id. at 270 (citing, amongst others, In re Katrina Canal Breaches Lit., 495 F.3d 191, 206 (5th Cir. 2007)). Contrary to plaintiff's contentions, when considering conflicting decisions by the Louisiana Fourth Circuit Court of Appeals, the earlier decision controls because it can only be overruled by the Fourth Circuit *en banc*, or by the Louisiana Supreme Court. See State v. Bell, 471 So. 2d 277, 280-81 (La. App. 4 Cir. 1985). The state high court has not framed the constitutional impact of Katz or Lila or what, if any, influence Article 596 might assert.[6]

### III.

Where reasonably possible, this Court must construe a statute so as to preserve its constitutionality and be faithful to its

---

[6] Oddly, as recently as December 16, 2009, the very same court of appeals added to the doctrinal muddle by invoking Pitts without even a mention of Katz or Lila, without reference to a contractual limitations period, and with scant analysis. See Taranto v. La. Citizens Prop. Ins. Co., No. 2009-CA-0413, 2009 WL 4842780 (La. App. 4 Cir. Dec. 16, 2009) (unreleased).

text. See Pearce v. Sharbino, 254 La. 143, 150 (La. 1969). Allstate argues that putting Article 596 into the constitutional mix and construing it as suspending contract limitations periods would violate the Contracts Clauses of the United States and Louisiana constitutions. The test under both constitutions is the same: (1) whether the state law operated as a substantial impairment of a contractual relationship; (2) if so, whether the State's justification for impairing the contract is a significant and legitimate public purpose; (3) if the justification is legitimate, whether the impairment is reasonable and necessary. Lipscomb v. Columbus Mun. Separate Sch. Dist., 269 F.3d 494, 504-05 (5th Cir. 2001); All Prop., 937 So. 2d at 323-25 (employing a four-part test that separates the first step into whether an impairment exists and whether the impairment is substantial). In determining whether a substantial impairment exists, the Court considers the parties' expectations, for example, whether the industry was subject to regulation at the time the contracts were made. Lipscomb, 269 F.3d at 504; All Prop., 937 So. 2d at 324 ("[W]here a complaining party enters a contractual relationship in a heavily regulated industry, expectations of further regulation of that industry may lessen the severity of a subsequent impairment of that party's contractual rights and obligations.") (quoting Segura v. Frank, 630 So. 2d 714, 730 (La. 1994)).

In All Prop., the Louisiana Supreme Court, outside the

13

framework of Article 596, considered whether Act 739 and Act 802 violated the Contracts Clause by suspending statutory and contractual time-barring periods. 937 So. 2d at 324. The Louisiana Supreme Court determined that the impairment of the contractual relationship between the insurers and their policy holders was of "constitutional dimension." 937 So. 2d at 325. While determining that the effect of extending contractual time-bars resulted in "more than minimal alteration of the insurers' contractual obligations," the state high court recognized that the insurance industry in Louisiana is highly regulated. Id. The court narrowly found, given the profoundly tragic backdrop, that the legislative purpose of protecting Louisiana citizens in the aftermath of Hurricanes Katrina and Rita, which caused "total devastation of property, community and social structure," was a significant and legitimate purpose. Id. at 326. Further, the high court found the alteration of the contractual obligations to be reasonable under the circumstances, noting again that the insurance industry could anticipate regulation and also pointing out that the one-year extension was limited in both time and scope. Id. at 327. But Article 596 seems to this Court to add a dimension that might detract from the certainty of the state high court's decision in tandem with Article 596.

IV.

The Court finds that Article 596 does not suspend a

contractual limitations period. It suspends periods of liberative prescription. Indeed, liberative prescription differs from contractual limitations.[7] The holdings in <u>Katz</u> and <u>Lila</u> stand in direct contrast to that of the later and elusive <u>Pitts</u> case; the opinion is unclear and the court of appeals seems to have finessed the issue in <u>Pitts</u>. And, to emphasize the point, <u>Pitts</u> could not properly overrule the same court's earlier decisions without an *en banc* court; importantly, the Louisiana Supreme Court has not spoken on the Article 596 issue. Thus, <u>Katz</u> remains controlling state law and it would seem that the filing of a class action cannot suspend a contractual limitations period under state law.[8] <u>See</u> La. Code Civ. Proc. Art. 596.

What about the Louisiana high court and whether it would decide that the presence of Article 596 limits its constitutional outlook as expressed in its <u>All Prop.</u> doctrine?

---

[7]While not cited by the parties and decided before the existence of Article 596, the Court notes that in <u>Landis & Young v. Gossett & Winn</u>, the Louisiana Second Circuit Court of Appeals determined that "[t]he statutory rules for the interruption of the running of prescription have no application to contractual bars or limitations." 178 So. 760, 763 (La. App. 2 Cir. 1937). The court determined that the contract in question contained a stipulation limiting the time for filing suit, which was not required by statute. <u>Id.</u> 763-64 Thus, the court held that the limitations period was not subject to the statutory rule that a failed but timely filed suit on the same cause of action serves to interrupt prescription. <u>Id.</u>

[8]This is consistent with the <u>Jones</u> dicta that "while courts might have power to toll statutes of limitations . . . they generally do not have power to alter contractual agreements." 2006 WL 3462130, at *2.

The Court finds that constitutional considerations might counsel in favor of interpreting Article 596 as applying only to statutory liberative prescriptive periods. Although the Louisiana Supreme Court in <u>All Prop.</u> indeed held that both a contractual limitations and a prescriptive period can be extended, this Court is not convinced that this proposed suspension can be similarly justified without violating the text of Article 596, which speaks only to liberative prescription.[9] <u>See</u> 937 So. 2d at 327. As in <u>All Prop.</u>, the proposed suspension of the contractual limitations period here would be an impairment of constitutional dimension. <u>Id.</u> at 325. Although the insurance industry is heavily regulated, as the Louisiana Supreme Court determined in <u>All Prop.</u>, exposing the insurer to lawsuits beyond the period it contracted for, is more than a minimal alteration. <u>Id.</u> This Court believes it is not fanciful or unreasonable to wonder aloud whether the Louisiana Supreme Court, in this Article 596 setting, might not believe it correct to limit its <u>All Prop.</u> decision to its facts.[10]

---

[9]When one reads Louisiana Civil Code Articles 3447 and 3457 together, the Code seems to doctrinally announce that liberative prescription is a juridical, rather than contractual, concept. The Code limits prescription to an official legislative pronouncement.

[10]The Court agrees with the <u>Lila</u> court's assessment that a contractual time limitation is not a prescriptive period but, rather, a contractual pledge "not to plead prescription if the insured institutes legal action" within the time frame. 994 So. 2d at 147; <u>see</u> <u>also</u> La. Civ. Code Arts. 3447, 3457.
 Although the plaintiff leans on <u>Demma v. Automobile Club Inter-Insurance Exchange</u> in support of the position that the

16

Accordingly the defendant's motion is GRANTED.[11]

New Orleans, Louisiana, January 8, 2010.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Louisiana Supreme Court is sympathetic to interrupting prescription, <u>Demma</u> involved a statutory prescriptive period, not a contractual limitation, and is therefore not applicable. 15 So. 3d 95, 90 (La. 2009).

[11] Having determined that the contractual limitations period cannot be interrupted, the Court does not consider the defendant's alternative arguments that the contractual limitations period is peremptive.