UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT H. DIXEY** | * | **CIVIL ACTION NO.: 09-4443** |
| | * | |
| | * | **JUDGE: MARTIN L.C. FELDMAN** |
| **VERSUS** | * | |
| | * | **MAG J: JOSEPH WILKINSON, JR.** |
| **ALLSTATE INSURANCE** | * | |
| **COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR NEW TRIAL**

**MAY IT PLEASE THE COURT:**

Plaintiff, Robert Dixey, seeks a New Trial on the Defendant, Allstate Insurance Company's (Allstate) Motion for Judgment on the Pleadings pursuant to Fed R. Civ. P. 59(e).

After oral argument on the original Motion for Judgment on the Pleadings, this Court requested additional briefing. That briefing was submitted to the Court on January 5, 2010. After January 5, 2010, and one day after this Court issued its Written Reasons for Judgment, the Louisiana Fifth Circuit denied writs on the

exact same issue upon which this Court issued its ruling, but ruling in favor of the claim, rather than finding it to be prescribed. The writ denial from the Louisiana Fifth Circuit, as well as the myriad other decisions previously presented to this Court, all reject the argument which this Court has embraced, finding that cases exactly like this one are not prescribed.

While Rule 59 of the Federal Rules of Civil Procedure does not specify the necessary grounds for a new trial, case law demonstrates that a new trial may be granted in a non-jury case or a petition for rehearing when manifest error of law or mistake of fact is committed. Additionally, a judgment may be set aside when there exists "substantial reasons" for doing so.[1]

A substantial reason exists for granting a new trial based upon a brand new Louisiana Fifth Circuit ruling which finds that these cases are not prescribed. Additionally, manifest error of law was committed in this case because the ruling effectively creates a peremptive period out of a prescriptive period.

I. **Substantial Reason Number One: The Louisiana Fifth Circuit Court of Appeal followed Pitts.**

This Court is cast with the duty of applying Louisiana law to determine issues of State law which are before it. *Erie R.R. v. Tompkins* 304 U.S. 64 (1938).

---

[1] Wright, Miller & Kane, *Federal Practice and Procedure* §2804, at 53 (2d ed. 1995).

Furthermore, this Court is called upon to make an *"Erie* guess" as to how the Louisiana Supreme Court would resolve the issue if presented it, in the event there is an absence of a final decision by the State's highest Court. *Stanley v. Trinchard*, 500 F. 3d 411, 423 (5th Cir. 2007). It is respectfully submitted herein that the correct guess should be guided by all reasonable appellate court decisions of the state, and if the circuit courts of the state are consistent and demonstrate a clear trend in only one direction, then those appellate decisions should not be disregarded. It is respectfully submitted that this Court has made an incorrect "*Erie* guess." That incorrect "guess" is contrary to rulings from two appellate circuit courts, is thus erroneous and provides a substantial reason for granting a new trial.

On January 8, 2010, the Louisiana Fifth Circuit denied supervisory review, with reasons for such denial, after the District Court in the 24th Judicial District denied this same defendant's Motion for Judgment on the Pleadings. The Louisiana Fifth Circuit was presented with the exact same issue which was presented to this Court, by the exact same defendant, and through the exact same defense counsel.[2] Specifically, in the matter of *Reece v. Allstate*, No. 09-1085 (La. App. 5th Cir. 1/8/10), the Fifth Circuit rejected the arguments made by the

---

[2]The Motions presented here and those which were presented in the 24th J.D.C were identical in argument, with only minor changes to accommodate the respective jurisdictions.

defendant, stating as follows:

> WRIT DENIED
> Relator seeks review of the trial court's denial of its motion for judgment on the pleadings under La.C.C.P. art. 965. In its motion, relator essentially asserted plaintiffs' claims for damages resulting from Hurricane Katrina were prescribed because their petition was not filed within the time period set forth by Act 802, or by August 30, 2007. Plaintiffs claimed the prescriptive period set forth by Act 802 was suspended or interrupted by the filing of a class action lawsuit, of which they were potential members. In its writ application, relator argues the time period set forth by Act 802 is peremptive and, therefore, cannot be suspended or interrupted.
> We find Act 802 set forth a prescriptive period, susceptible of being suspended and interrupted, as opposed to a peremptive period where the right is destroyed upon the expiration of the period. **Therefore, the filing of a class action lawsuit suspends prescription for all putative members of the class**. *See Taranto v. Louisiana Citizens Property Ins. Corp.,* 09-413 (La. App. 4 Cir. 12/16/09); __ So.3d__, 2009 WL 4842780.
> **Accordingly, we do not find the trial court erred in denying relator's motion for judgment on the pleadings**.
> (*See Attachment "A," emphasis supplied.*)

As demonstrated by this ruling the Louisiana Fifth Circuit, in a rare move, followed the Louisiana Fourth Circuit. The collective Louisiana Appellate State Court cases on this subject, and which the Plaintiff has presented to this Court, are now three in number: *Pitts, Taranto, and Reece.*

## II.   Substantial Reason Number Two: Appellate Decisions Must Not be Ignored

Even though this Court may not be bound by state appellate court decisions,

4

"it should not disregard them unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. American Telephone & Telegraph Co.,* 311 U.S. 223 (1940). Thus, in order to ignore the State Appellate Court decisions, this Court must be convinced that the Supreme Court would decide the issue differently than *Pitts, Taranto,* and now, *Reece*.

This Court undoubtedly is versed in the case law which has been presented. This Court should not disregard appellate decisions when there is absolutely no persuasive data (other than this Court's independent views), to show that the highest court of the state would decide the issue differently from the appellate courts.

Referring to state trial court decisions, this Court stated in its Reasons for Judgment that such decisions "are simply of no precedential force here." This is not true with regard to appellate court decisions. Now that there are three appellate court decisions from two circuit courts, all ruling in favor of the action, such decisions certainly have at least some precedential force, and must be considered. *West*, supra.

### III. <u>Manifest Error of Law was Committed.</u>

In making it's "Erie guess," this court disregarded the State Court decisions which have found that Allstate's prescriptive period is subject to interruption or

5

suspension, when no other persuasive data existed that the Supreme Court would decide otherwise. What is more, this Court's finding effectively creates a peremptive period out of a prescriptive period, thus changing state law. Applied literally, this Court's ruling would prevent interruption or suspension of any contractual period.

Class action litigation is frequently based on contractual obligations, where a limitations period is set between the parties by contract. For example, presently pending in the Louisiana Fourth Circuit is the case of *Goudeau, et al v. Board of Admin. of the Tulane Educational Fund, et al*, Docket No. 04-04758, Div. "E." The claim in *Goudeau* is based on the wrongful use of body parts donated by contractual agreement for scientific research to Tulane Medical School. The class action was certified, but the defendants recently filed a motion to decertify the class. Should the class be decertified, and the ruling of this Court applied, then those claimants would face prescription issues. Since the claims were based on a contractual limitations period, then this Court's reasoning prohibits interruption or suspension of prescription as to their independent claims for the wrongful use of body parts (making the prescriptive period one of peremption). Such a result is not contemplated anywhere in the law with regard to class actions. In fact the opposite is true, as even federal jurisprudence consistently and uniformly recognizes that the

6

"commencement of the original class suit tolls the running of the statute for all purported members of the class...." *American Pipe and Construction Co. v. State of Utah* 414 U.S. 538, 553, 94 S.Ct. 756, 766, 38 L.Ed. 2d 713 (1974).

The Louisiana Fifth Circuit specifically addressed the question of peremption in *Reece*. There, the Court found that Act 802 <u>did</u> <u>not</u> create a peremptive period. This Court cannot ignore the implications of its holding – regardless of this Court's statement that such argument need not be addressed – which actually creates a peremptive period where none exists.

In its ruling, this Court specifically rejected the peremption argument, stating in a final footnote that it did not consider this theory. Indeed, this Court indicated to counsel at oral argument that peremption was not a key concern. It is certainly a key concern now because this Court's finding that "the contractual limitations period cannot be interrupted" creates a period within which all suits must be filed or "the right to file suit is extinguished." La. C.C.P. art. 3458. Also, unlike prescriptive periods, periods of peremption are not subject to renunciation, interruption or suspension. La. C.C.P.a rt. 3461. By definition, this court created a peremptive period out of Allstate's contract and, in doing so, created new state law. Because that new law constitutes a manifestly erroneous interpretation of the law, then a new trial is warranted.

**CONCLUSION**

As set forth in this memorandum, the Plaintiff herein respectfully contends that the continued rulings being returned by the Louisiana State Courts in favor of the action indicate that this Court's decision on the same issue is manifestly erroneous. Accordingly, substantial reasons exist for the granting of a new trial on the defendant's Motion for Judgment on the Pleadings.

                              Respectfully submitted,

                              s/Jennifer B. Eagan
                              GREGORY P. DI LEO, LSBA #4943
                              JENNIFER B. EAGAN, LSBA #19847
                              Attorney for Plaintiff, Robert Dixey
                              300 Lafayette Street, Suite 101
                              New Orleans,  LA   70130
                              Telephone:   (504) 522-3456
                              Facsimile:    (504) 522-3888

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

                              s/Jennifer B. Eagan
                              **JENNIFER B. EAGAN,  ESQ.**

pd-katrina2\dixey\motionfornewtrial\memo