UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT H. DIXEY, II                                  CIVIL ACTION

Versus                                               NO. 09-4443

ALLSTATE INSURANCE COMPANY                           SECTION: "F"

ORDER AND REASONS

Before the Court is the defendant's motion for judgment on the pleadings.  For the following reasons, the motion in GRANTED.

## **Background**

This is a Katrina insurance claim case.  Robert H. Dixey, II, the plaintiff, is the owner of property at 5601 Canal Boulevard in New Orleans.  Mr. Dixey insured his property with Allstate.  On August 29, 2005, Hurricane Katrina damaged the property, and Mr. Dixey notified Allstate of his claim for damages.  Allstate responded with a check for $1,205.39 on November 7, 2005, for wind damage.  Plaintiff claims that Allstate never conducted an inspection of the interior of his home and that loss adjustment of his claim has been inadequate.  He also raises bad faith statutory penalties claims against Allstate.

On August 23, 2007 the Louisiana v. AAA Insurance class action was filed in state court. The putative class in the AAA Insurance suit was defined as:

1

> All current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program, and who have executed or will execute a subrogation or assignment agreement in favor of the State, and to whom insurance proceeds are due and/or owed for damages sustained to any such recipient's residence as a result of any natural or manmade occurrence associated with Hurricanes Katrina and/or Rita under any policy of insurance, as plead herein, and for which the State has been or will be granted or be entitled to recover as repayment or reimbursement of funds provided to any such recipient through the Road Home Program.

After being removed to federal court and consolidated with In Re: Katrina Canal Breaches Consolidated Litigation, all class allegations in the main complaint were stricken on June 16, 2009. Mr. Dixey asserts that he was a potential member of the AAA Insurance class because he had received a grant from Road Home and had executed a subrogation agreement in favor of the State.

Dixey filed this lawsuit on July 20, 2009.

Defendant moved for judgment on the pleadings in late September 2009, arguing that plaintiff's claim was prescribed because plaintiff failed to file his claim within the one-year contractual limitations period, or within the two year limitations period established by the Louisiana State Legislature under Acts 739 and 802. Allstate argued that the filing of a class action did not interrupt the tolling of the limitations period under Louisiana Civil Code of Procedure 596.

On January 11, 2010, this Court entered judgment in favor of Allstate, finding that the contractual limitations period in plaintiff's policy barred his claim.  After filing an unsuccessful motion for new trial, plaintiff appealed to the Fifth Circuit.  While the appeal was pending, the Louisiana Supreme Court issued its opinion in <u>Taranto v. Louisiana Citizens Property Ins. Corp.</u>, __ So.3d __, 2011 WL 880323 (La. Mar. 15, 2011) and held that Article 596 class action suspension applied to contractual limitations periods.  In light of <u>Taranto</u>, the Fifth Circuit vacated this Court's holding and remanded the case so that new issues raised by the parties post-<u>Taranto</u> could be resolved.  Allstate then renewed its motion for judgment on the pleadings in mid July 2011.

I.

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  <u>Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 313 (5th Cir. 2002).  A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.  <u>Id.</u> at 313.

Defendant asserts that plaintiff's claim is prescribed

because plaintiff forfeited his reliance on Article 596 tolling by choosing to file his own lawsuit before a class certification decision was made in the AAA Insurance class action.  The Court agrees.  Mr. Dixey expressly relies on his being a member of the AAA Insurance class action for his assertion that the prescription period applicable to him was suspended.  Plaintiff is mistaken, however, that a class certification decision had been made in the AAA Insurance prior to June 20, 2009, when he filed this lawsuit.  The record reflects, for instance, that as late as September 30, 2009, the class certification question had not yet been resolved, and that the case was stayed pending appeal.  See R. Doc. 106, No. 2:07-cv-05528 (E.D. La. Mar. 5, 2009).  The plaintiff's stipulation in the AAA Insurance case to be bound by any decision to strike the class in the In Re: Katrina Canal Breaches Consolidated Litigation is not enough to show that a conclusive determination had been made by the court hearing the AAA Insurance litigation as to class certification.  Plaintiff points to no court order or any other evidence that the court hearing the AAA Insurance case has conclusively determined the class question.

State court decisions provide guidance.  The Louisiana Court of Appeals held in Lester v. Exxon Mobil Corp., 42 So. 3d 1071, 1076 (La. Ct. App. 2010) that when a plaintiff, who is a putative class member, chooses to file suit on his own before the class

4

certification decision is made, he forfeits the benefit of Article 596 tolling.  This approach had also been articulated earlier in Katz v. Allstate, 917 So. 2d 443, 447 (La. Ct. App. 2005) (Murray, J., concurring).

The Court finds that plaintiff forfeited his entitlement to rely on Article 596 prescription tolling when he filed this lawsuit before a class certification determination had been made in the AAA Insurance litigation.  Because plaintiff filed his claim against Allstate almost two years after the legislatively enacted prescription periods expired, his claim is time-barred.

Accordingly, IT IS ORDERED: that the defendant's motion for judgment on the pleadings is GRANTED.

New Orleans, Louisiana, September 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE